# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

_____

| | | |
|---|---|---|
| **MADELAINE CONTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| **THE S2 HR GROUP, LLC d/b/a** | ) | |
| **ENGAGE PEO/BRIGHT HRO, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

## COMPLAINT & REQUEST FOR JURY TRIAL

**COMES NOW**, Plaintiff, MADELAINE CONTY ("Ms. Conty"), through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and sues Defendant, THE S2 GROUP, LLC d/b/a ENGAGE PEO/BRIGHT HRO, LLC ("Defendant"), a Florida for-profit corporation registered and doing business in Orlando, Orange County, Florida, and alleges as follows:

## NATURE OF CLAIMS

1.     This is an action for damages, declaratory judgment, and injunctive relief to redress the deprivation of rights secured by (1) the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("FMLA") for (a) FMLA interference and (b) FMLA discrimination; (2) the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA") and the American's with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA-AA") for (a) disability discrimination, (b) perceived disability discrimination, and (c) denial of reasonable accommodation; and (3) Florida's Worker's Compensation Retaliation Statute,

Florida Statutes, Section 440.205 for worker's compensation retaliation.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 29 U.S.C. §§ 2601, *et seq.*

3.      The venue of this Court over this controversy is proper pursuant to 29 U.S.C. § 1391(b) as Defendant has, or usually keeps, a hotel for transaction of its customary business in Orlando, Orange County, Florida.

## THE PARTIES

4.      Ms. Conty, at all times material hereto, was a resident of Davenport, Florida.

5.      Ms. Conty, at all times material hereto, worked at the Defendant's Holiday Inn hotel at 1500 Continental Gateway Drive, Orlando, Orange County, Florida.

6.      Ms. Conty, at all times material hereto, was the Defendant' employee (i.e., housekeeper) as that term is defined under the FMLA.

7.      Defendant is a Florida corporation authorized to do business, authorized to transact business, and authorized as a commercial establishment providing lodging, meals, and other guest services in Orlando, Orange County, Florida and at all times material hereto, has been doing business and is an employer with fifty (50) or more employees within a 75-mile radius of Ms. Conty's former worksite for each working day of twenty (20) or more calendar workweeks in the current or preceding calendar year of Ms. Conty's discharge and within the meaning of 29 U.S.C. §§2601, *et seq.*

8.      Defendant, at all times material hereto, was Ms. Conty's employer under the FMLA, FCRA, ADA-AA, and Florida Worker's Compensation Retaliation Statute.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.      Ms. Conty filed an EEOC Charge of Discrimination under the FCRA and ADA-AA on March 21, 2017, and more than 180 days have passed since filing the EEOC Charge.

10.      Ms. Conty has exhausted all administrative prerequisites and conditions precedent (if any) and she has filed this action within the applicable statutes of limitations.

11.      Ms. Conty received her 90-day EEOC Right to Sue Letter on March 19, 2019; therefore, this Complaint is timely.

## **STATEMENT OF FACTS**

12.      Ms. Conty suffers from various disabilities under the ADA-AA, handicaps under the FCRA, and serious health conditions under the FMLA such as a permanent physical injury to her arm, shoulder, and elbow requiring surgery.

13.      Ms. Conty began working for Defendant full-time on or about August 8, 2015.

14.      Therefore, Ms. Conty had a three (3) year full-time employment history with Defendant and was an FMLA-eligible employee at the time of her March 13, 2017, termination.

15.      On or about Thursday, March 3, 2016, Ms. Conty suffered a serious injury at work to her arm, shoulder, and elbow.  **See** Exhibit 1.

16.      Ms. Conty made a worker's compensation claim, she was placed on light duty

by her worker's compensation doctor, and she received worker's compensation benefits.

17.    Ms. Conty's employer was informed that she would need to undergo surgery on her arm and elbow to correct the injury.

18.    Approximately a year later, on Monday, March 7, 2017, Ms. Conty underwent surgery for her arm and elbow.

19.    Ms. Conty informed her manager about this surgery more than 30 days in advance of the surgery.

20.    Ms. Conty missed four (4) days of work for the surgery and recuperation period.

21.    When Ms. Conty returned to work after her surgery, she provided her employer all her hospital paperwork relating to the surgery.

22.    However, she was terminated by her manager.

23.    Ms. Conty was terminated from her employment with the Defendant for alleged "job abandonment" an allegation that she denies.

24.    Defendant terminated Ms. Conty because of her disability in violation of the ADA-AA, handicap in violation of the FCRA, and need for medical leave in violation of the FMLA.

25.    In addition, Ms. Conty is claiming that she was terminated because she filed a worker's compensation claim.

26.    Ms. Conty has retained the law firm of Pérez Law, P.A. to represent her in this action and has agreed to pay said law firm a reasonable fee for its services.

- 4 -

**COUNT I**
**Violation of 29 U.S.C. § 2615(a)(1)**
**FMLA Interference, Restraint and Denial**

27.     Defendant unlawfully interfered with, restrained and denied Ms. Conty's FMLA rights in several ways.

28.     Defendant never gave Ms. Conty general or specific written notice of her right under the FMLA to take FMLA-qualifying leave on account of her arm and elbow surgery.

29.     Furthermore, Defendant failed to restore Ms. Conty to her former position after missing work on account of her arm and elbow surgery.

30.     *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1209 (11th Cir. 2001) held, "[i]f an employee tells his employer that he must leave work because he is suffering a debilitating diabetic attack, the employee has given notice of a need for unforeseeable leave sufficient to shift to the employer the burden of making further inquiry into whether the absence truly qualifies for FMLA protection."

31.     Defendant failed to engage in such inquiry and discharged Ms. Conty in violation of the FMLA, instead.

32.     Defendant did not have a good faith and reasonable belief that terminating Ms. Conty after her FMLA-qualifying absence was lawful.

33.     Instead, Defendant's termination of Ms. Conty was willful.

WHEREFORE Ms. Conty respectfully requests that this Court hold Defendant liable and that it award Ms. Conty the following relief:

- 5 -

a)      Damages in the form of any pay, wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

b)      Pre-judgment interest on the amount cited above calculated at the prevailing rate;

c)      An additional amount as liquidated damages equal to the sum of the amount cited above and its interest;

d)      Post-judgment interest;

e)      Declaratory judgment;

f)      Injunctive relief;

g)      Front-pay or reinstatement in lieu of front-pay;

h)      An award of costs and all reasonable attorney's fees; and

i)      All other just, equitable, and proper relief to which Ms. Conty and all other similarly situated employees may be entitled.

## COUNT II
### Violation of 29 U.S.C. § 2615(a)(2)
### FMLA Discrimination

34.      Ms. Conty had a right under the FMLA to take medical leave for surgery on March  7, 2017, as described above and, by taking the leave, Ms. Conty engaged in statutorily protected activity.

35.      Ms. Conty had a right under the FMLA to be restored to her position upon return from surgery and recuperation.

36.     Defendant took an adverse employment action against Ms. Conty for engaging in such protected activity by discharging immediately after her FMLA-qualifying absence and willfully classifying her absence as "job abandonment" which Ms. Conty denies.

37.     Defendant willfully terminated Ms. Conty in violation of the FMLA for taking medical leave.

WHEREFORE, Ms. Conty respectfully requests that this Court hold Defendant liable and that it award Ms. Conty the following relief:

a)      Damages in the form of any pay, wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

b)      Pre-judgment interest on the amount cited above calculated at the prevailing rate;

c)      An additional amount as liquidated damages equal to the sum of the amount cited above and its interest;

d)      Post-judgment interest;

e)      Declaratory judgment;

f)      Injunctive relief;

g)      Front-pay or reinstatement in lieu of front-pay;

h)      An award of costs and reasonable attorney's fees; and

i)      All other just, equitable, and proper relief to which Ms. Conty and all other similarly situated employees may be entitled.

## COUNT III
## TERMINATION BECAUSE OF DISABILITY & HANDICAP
## IN VIOLATION OF THE FCRA AND ADA-AA

38.     Ms. Conty suffered from a disability under the ADA-AA.

39.     Ms. Conty suffered from a handicap under the FCRA.

40.     Ms. Conty suffered a serious work injury that needed surgery to repair the permanent damage to her arm and elbow.

41.     Defendant did not want a housekeeper working at its hotel that had just been released from surgery.

42.     Defendant terminated Ms. Conty because she suffered from a disability and handicap covered by the ADA-AA and FCRA.

43.     Alternatively, Defendant terminated Ms. Conty because Defendant perceived and regarded Ms. Conty as disabled and handicapped.

44.     Plaintiff has experienced stress, anxiety, mental anguish, and embarrassment as a result of the discriminatory termination.

45.     Defendant's actions were intentional, malicious and willful.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, without limitation:

A.     Declaratory judgment;

B.     Injunctive relief;

C.     Back pay and the value of all lost benefits plus interest;

D.      Front pay or reinstatement;

E.      Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

F.      Punitive damages;

G.      Reasonable attorneys fees and costs of this action; and

H.      All other relief under the law that is just and equitable.

<u>COUNT IV</u>
<u>DENIAL OF REASONABLE ACCOMMODATION IN</u>
<u>VIOLATION OF THE FCRA AND ADA-AA</u>

46.     Plaintiff needed FMLA-qualifying medical leave on March 7, 2017, because of her disability and handicap under the FCRA and the ADA-AA.

47.     This medical leave constituted a reasonable accommodation under the FCRA and ADA-AA.

48.     Defendant denied Ms. Conty's medical leave and terminated her for taking medical leave.

49.     Defendant, therefore, denied Plaintiff use of a reasonable accommodation in violation of the FCRA and ADA-AA and unlawfully terminated her for needing this reasonable accommodation of medical leave.

50.     Plaintiff has experienced stress, anxiety, mental anguish, and embarrassment as a result of the discriminatory denial of reasonable accommodation and termination for needing medical leave.

- 9 -

51.     Defendant's actions were intentional, malicious and willful.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, without limitation:

A.  Declaratory judgment;

B.  Injunctive relief;

C.  Back pay and the value of all lost benefits plus interest;

D.  Front pay or reinstatement;

E.  Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

F.  Punitive damages;

G.  Reasonable attorneys fees and costs of this action; and

H.  All other relief under the law that is just and equitable.

## COUNT V
## WORKER'S COMPENSATION RETALIAITON
## VIOLATION OF F.S., 440.205

52.     Plaintiff filed a claim for worker's compensation benefits relating to an on or about March 3, 2016, workplace injury to her arm and elbow.

53.     That injury never fully healed and required corrective surgery which Plaintiff had on or about March 7, 2017.

54.     Defendant fired Ms. Conty immediately after she returned from surgery for her worker's compensation injury.

55.     Plaintiff has experienced stress, anxiety, mental anguish, and embarrassment as a result of the discriminatory termination.

56.     Defendant's actions were intentional, malicious and willful.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, without limitation:

A.  Declaratory judgment;

B.  Injunctive relief;

C.  Back pay and the value of all lost benefits plus interest;

D.  Front pay or reinstatement;

E.  Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

F.  Punitive damages;

G.  Reasonable attorneys fees and costs of this action; and

H.  All other relief under the law that is just and equitable.

## **DEMAND FOR JURY TRIAL**

Ms. Conty demands a jury trial on and for all issues so triable.

Respectfully submitted this 12th day of June, 2019,

/s/ Daniel A. Pérez
Daniel A. Pérez , Esquire
Florida Bar No. 426903
Pérez Law, P.A.
105 East Robinson Street, Ste. 530
Orlando, FL 32801

Telephone (407) 815-2250
Facsimile   (407) 815-2257
E-mail: dan@Pérez lawpa.com
Attorney for Plaintiff